IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| **FRANCES SHEPPARD CARR** | ) | CASE NO. 12-71316 |
| | ) | |
| Debtor. | ) | |

| | |
|---|---|
| **JUDY A. ROBBINS, UNITED STATES** | ) |
| **TRUSTEE FOR REGION FOUR** | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| **DARREN T. DELAFIELD** | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM DECISION

The Debtor, Frances S. Carr, filed a voluntary Chapter 7 petition on July 17,

2012.  On October 15, 2012, the United States Trustee filed a Motion for Review of Attorney's

Fees asking the Court to review the fee charged by Debtor's counsel, Darren T. Delafield,

Esquire, and to order Mr. Delafield to disgorge any fees received in the case.  On October 29,

2012, Mr. Delafield filed his Answer to this Motion requesting that the Motion be dismissed.

The matter came on for hearing on November 5, 2012 and was continued to November 19, 2012.

After the hearing on November 19, the Court entered an Order setting a discovery deadline of

January 15, 2013 and continuing the matter for further hearing on January 22, 2013.  After the

January 22 hearing, the Court entered a further Order directing that any motions to compel

discovery should be filed by January 22, with written response due by February 5, and

scheduling a hearing upon any such motion for February 11, 2013.  On January 22, 2013,

counsel for the United States Trustee filed a Motion to Compel Discovery seeking the Court's

review of discovery responses provided by Mr. Delafield and an order compelling Mr. Delafield

to respond to certain discovery requests.  On February 5, 2013, Mr. Delafield filed his response

to such Motion to Compel asserting that the Court should deny such request.  Counsel for the

United States Trustee then filed a Memorandum in Support of the Motion to Compel.  The

matter was heard on February 11, 2013 with the Motion to Compel taken under advisement and

the ruling on the Motion for Review of Attorney's Fees deferred until the Court rendered its

decision on the Motion to Compel.

### UNITED STATES TRUSTEE'S MOTION FOR REVIEW OF ATTORNEY'S FEES

Pursuant to the Motion for Review of Attorney's Fees, the United States Trustee

moves the Court to review the fee charged by Debtor's counsel and to order Mr. Delafield to

disgorge any fees received in this case on the grounds that he prepared and filed, on behalf of the

Debtor, certain deficient and inaccurate schedules and statements.  Specifically, Mr. Delafield

stated in the Rule 2016 disclosure that he received $301.00 in fees prior to August 1, 2012, but

the Statement of Financial Affairs indicates that the Debtor paid $801.00 on June 25, 2012.

Also, Schedule I failed to list any dependents, but the Debtor's Official Form 22A disclosed a

household size of four.  Also, Schedule I did not disclose the child support received by the

Debtor.  The United States Trustee also asserts that Schedule J was patently false.  Further, the

United States Trustee asserts that it is currently unknown whether Mr. Delafield advised the

Debtor that the discharge would also discharge the debt owed to him for unpaid fees or whether

Mr. Delafield complied with 11 U.S.C. §§ 526, 527 and 528.

2

Based on the above, the United States Trustee asserts that Mr. Delafield failed to properly assist the Debtor to file accurate petitions, schedules and statements. Counsel for the United States Trustee asserts that a fee of $1,001.00 for the work performed in the Debtor's case is unreasonable given the quality of the work performed and moves the Court to order the disgorgement of such fee or such portion as the Court determines exceeds the reasonable value of the services rendered to the Debtor.

In his Answer to the Motion, Mr. Delafield denies that the fee charged to the Debtor is unreasonable and asks the Court to dismiss the Motion. He notes that the Rule 2016 disclosure in paragraph 5(e) includes a breakdown which lists the $299.00 filing fee, $26.00 in costs and $975.00 attorney's fee and that while the Rule 2016 disclosure attempts to disclose the filing fee separately, the Statement of Financial Affairs does not disclose such fee as a separate line item. Mr. Delafield also asserts that there is no court ordered child support, only a verbal agreement that ends next year, so Schedule I is a projected schedule of future income. He further admits that the United States Trustee does not know whether he complied with §§ 526, 527 and 528 or whether he advised the Debtor that the discharge would also discharge the debt owed to him for unpaid fees.

### UNITED STATES TRUSTEE'S MOTION TO COMPEL DISCOVERY

Counsel for the United States Trustee issued interrogatories and requests for production of documents to Mr. Delafield on October 19, 2012. After the issuance of such discovery, counsel and Mr. Delafield met on two occasions and conferred regarding the discovery and objections thereto. The parties have been unable to resolve the objections to the

United States Trustee's discovery requests and the instant Motion was filed by the United States

Trustee.  The specific discovery requests at issue are as follows:

> Interrogatory No. 2.[1]  State with particularity the date you first provided the Debtor with an executed written contract explaining both the services to be provided to the Debtor and the fees for such services.
>
> **ANSWER**: Respondent objects to interrogatory number two on the grounds that the interrogatory is over broad.  Respondent further objects to this interrogatory on the grounds that the interrogatory is beyond the scope of the pleadings and is therefore over broad and unlikely to lead to the discovery of admissible evidence.  Respondent objects to interrogatory number 2 on the grounds that it invades or attempts to invade the attorney-client, work product, or any other applicable privilege.  Without waiving these objections, Respondent incorporates the time records filed as an exhibit with the court at docket event 40 on or about November 5, 2012.
>
> Interrogatory No. 3.  State with particularity the date you first provided the Debtor with a single document separate from other documents or notices provided to the Debtor that satisfied your duty under 11 U.S.C. § 527(b).
>
> **ANSWER**: Respondent objects to interrogatory number three on the grounds that it invades or attempts to invade the attorney-client, work product, or any other applicable privilege.  Respondent further objects to this interrogatory on the grounds that the interrogatory is beyond the scope of the pleadings and is therefore over broad and unlikely to lead to the discovery of admissible evidence.
>
> Interrogatory No. 4.  State with particularity the date you first provided the Debtor with the notices and/or disclosures required by 11 U.S.C. § 527(a).

---

[1]  Counsel for the United States Trustee states that at the conference on January 22, 2013, Mr. Delafield stated that he would amend his response to this Interrogatory.  To the extent that Mr. Delafield does not amend his response, the United States Trustee asserts that he should be compelled to do so.

**ANSWER**: Respondent objects to interrogatory number four on the grounds that it invades or attempts to invade the attorney-client, work product, or any other applicable privilege.  Respondent further objects to this interrogatory on the grounds that the interrogatory is beyond the scope of the pleadings and is therefore over broad and unlikely to lead to the discovery of admissible evidence.

Request for Production No. 1.  A copy of any engagement agreement with the above-referenced Debtor related to this case.

**RESPONSE**: Respondent objects to the production of any engagement agreement between himself and the debtor on the grounds that such production violates attorney-client privilege.  Further, Respondent objects to the production of any engagement agreement between himself and the debtor on the grounds that such production is protected as attorney work product. Respondent further objects on the grounds that the request is beyond the scope of the pleadings and is therefore over broad and unlikely to lead to the discovery of admissible evidence.

Request for Production No. 2.  A copy of the documents provided to the Debtor, if any, pursuant to 11 U.S.C. §§ 527(a), (b).

**RESPONSE**: Respondent objects to the production of the 527(a) and 527(b) disclosures signed by the debtor on the grounds that such production violates attorney-client privilege.  Further, Respondent objects to the production of 527(a) and 527(b) disclosures signed by the debtor on the grounds that such production is protected by attorney work product.  Respondent further objects on the grounds that the request is beyond the scope of the pleadings and is therefore over broad and unlikely to lead to the discovery of admissible evidence.

The United States Trustee moves the Court to compel Mr. Delafield to provide the date he complied with § 527(a) and § 527(b) and to produce a copy of the engagement agreement with the Debtor and the documents, if any, provided to the Debtor as required by § 527(a) and (b).  In his response to the Motion to Compel, Mr. Delafield asserts that the Court

5

should deny the request that he provide such dates or copies of such documents on three separate

grounds:  (1) the Rules of Court protect individuals from frivolous pleadings and abusive

discovery, (2) the Fourth Amendment protects individuals from unreasonable search and seizure,

and (3) the documents are privileged by the attorney-client privilege and/or as attorney work

product.

First, Mr. Delafield asserts that the discovery is abusive, that the United States

Trustee filed frivolous pleadings as there is no factual basis or reasonable basis to believe that a

fee agreement or the mandatory disclosures do not exist, and that the United States Trustee does

not have just cause to litigate his compliance with §§ 526, 527 and 528.   Next, he asserts that the

discovery violates the protection offered by the Fourth Amendment as the United States Trustee

is using the police power of the state to intrude into the private relationship between an attorney

and his client without articulating a reasonable suspicion or probable cause.  The United States

Trustee is on a "fishing expedition"as no one other than the United States Trustee has even

suggested that a fee agreement or mandatory disclosures do not exist.

Next, Mr. Delafield asserts that he should not have to turn over the fee agreement

as the attorney-client fee agreement is a privileged document and is private and worthy of

protection.  He cites *NLRB v. Harvey*, 349 F.2d 900, 905 (4th Cir. 1965), as support for his

position that the fee agreement has been found worthy of protection even against a compelling

interest in learning the identity of the client.  Even if the agreement falls outside the scope of the

attorney-client privilege, Mr. Delafield asserts that it is still subject to the Professional Rules of

Conduct and the duty of an attorney to protect confidentiality.  He asserts that in this case,

discovery would potentially injure, if not actually injure, the Debtor by voiding her expectation

6

of privacy.  He further asserts that the United States Trustee failed to express any need for the information.  Additionally, discovery requests should not be used to pry further into the attorney-client relationship without good cause.  While the Court may, pursuant to 11 U.S.C. §105, make any order, process, or judgment that is necessary to carry out the provisions of Title 11, Mr. Delafield asserts that the Court should preserve the limits of 11 U.S.C. § 329 and Rule 2016 and restrict discovery of the fee agreement.

Based on a Supreme Court of North Carolina case, Mr. Delafield asserts that there is five-part test to determine whether the attorney-client privilege applies to a particular communication:  (1) the relation of attorney and client existed at the time of the communication; (2) the communication was made in confidence; (3) the communication relates to a matter which the attorney is being professionally consulted; (4) the communication was made in the course of giving or seeking legal advice; and (5) the client has not waived the privilege.  *In re Investigation of the Death of Miller*, 357 N.C. 316, 335, 584 S.E.2d 772, 786 (2003).  In this case, Mr. Delafield asserts that the engagement agreement includes legal advice and is in response to questions and facts communicated by the client to the attorney; that it is more than an accounting statement and is a communication from the attorney to his client.  Mr. Delafield states that the initial consultation was commenced with a statement to the client that her confidences would not be revealed without permission and that the information in the contract was communicated at a time an attorney and client relationship existed, in confidence, regarding a matter about which the attorney was being professionally consulted, for a proper purpose and that the client has not waived the privilege.

He further asserts that because the fee agreement sets forth the subject matter of the representation, it should be treated as a privileged document under the attorney-client privilege or the attorney work product privilege.  In this case, Mr. Delafield asserts that a contract for legal assistance was prepared in response to questions from the client regarding options available to her and based upon facts provided by the client.  The United States Trustee is entitled to know if he was employed, but not if employment was for the client as a debtor.  Likewise, he asserts that the mandatory disclosures contain legal advice and when they exist, the date of the mandatory disclosure would reveal the subject matter of representation.  While the information contained in such disclosures is not privileged, the communication of the mandatory disclosures is privileged.  He asserts that he has already provided a log setting forth the dates of service and that the United States Trustee already has the facts to which she is entitled – if communications between the debtor and counsel took place regarding the mandatory disclosures, the dates are included in that log.  If and when a debtor decided to consult with counsel about bankruptcy, and if and when she did so consult are issues that go to the nature of her communications with counsel and is privileged.

Mr. Delafield does not dispute that the privilege does not normally extend to the payment of attorney's fees and expenses.  In this case the Debtor is obligated by § 329 to disclose the payment of attorney's fees, but is not obligated to disclose the fee agreement itself.  Mr. Delafield asserts that although fee agreements and mandatory disclosures may be discoverable in some circumstances, they are not discoverable where such discovery would reveal confidential communication with the client.  *In re Grand Jury Matter (Special Grand Jury Narcotics) (Under Seal)*, 926 F.2d 348, 352 (4th Cir. 1991).  The privilege thus does not apply to

8

the type of document, but rather applies to the content of the document if the content will reveal litigation strategy and/or the nature of services performed.

He further asserts that no public purpose will be served by the disclosure of the fee agreement, but that disclosure will actually intrude on the privacy of the Debtor and could result in the disclosure of litigation strategy, client motives, or otherwise confidential information.  In this case, the identity of the client is known and the attorney's fees charged are known.  At the February 11 hearing, Mr. Delafield stated that his client advised him to assert the privilege and argued that the fee agreement with his client reveals more than attorney's fees or his hourly rate.  The agreement was produced in response to questions raised by his client; the Debtor wanted to know her options and then chose the way she wanted to proceed.  Specifically, the Addendum to the fee agreement contains information that would potentially disclose confidential information from the Debtor.  Therefore, the fee agreement discloses the nature of the services that he was retained to perform and his strategy.  As the United States Trustee is seeking more than the disclosure of mere facts by seeking disclosure of a communication from an attorney to his client, the Court should deny the Motion to Compel as even a redacted fee agreement would risk the accidental disclosure of a confidence.

In response, the United States Trustee asserts that Mr. Delafield must produce the information requested to meet his burden of proving that the fee he has charged is reasonable and because the agreement is not privileged.  Under § 329(a), attorneys representing debtors must file a statement of compensation paid or agreed to be paid for services rendered or to be rendered in contemplation of or in connection with the case.  Any compensation must be reasonable and the court may cancel any agreement or order disgorgement if the compensation is excessive.

The United States Trustee and the Court are charged with reviewing reasonableness of compensation.   Once the reasonableness of the compensation is questioned the attorney bears the burden of proving reasonableness.  In addition, an attorney representing an assisted person must comply with §§ 526, 527 and 528, which require certain disclosures to be made, a written engagement agreement and provide for liability for failure to comply with the requirements. Therefore, for an attorney representing an assisted person to establish that a fee is reasonable, counsel must provide proof that counsel has complied with such Code sections.  *In re Norman*, 2006 Bankr. LEXIS 2925 at *16 (Bankr. E.D. Va. Oct. 24, 2006).  Bankruptcy Rule 2016 requires counsel to provide a disclosure regarding compensation to the United States Trustee. The United States Trustee asserts that in order for that disclosure to be a meaningful one, the documents required by such Code sections must be produced; otherwise the United States Trustee would have no way of verifying that the information provided is correct.

The United States Trustee represents that in another case pending before this Court, Mr. Delafield advised Judge Connelly that he uses a form engagement agreement. Paragraph 2 of the agreement with that particular debtor states that the representation is limited in scope and then goes on to exclude reaffirmation agreements.  In this case, the Rule 2016 disclosure does not list any excluded services.  Therefore, the United States Trustee asserts that unless Mr. Delafield is compelled to produce his engagement agreement, the Court cannot determine if he accurately represented the scope of his representation or misled the Court and attempted to conceal such misrepresentation by refusing to produce the agreement.  Because all of the discovery requests at issue here relate to information that must be provided to the Court in order for Mr. Delafield to prove the reasonableness of his compensation, the Court should

10

compel Mr. Delafield to answer the discovery requests.

However, the United States Trustee argues that even if Mr. Delafield does not have to produce the agreement to meet his burden of proof on the motion for review of attorney's fees, neither the attorney-client privilege nor the work product privilege apply to shield the production of the agreement. As to the attorney-client privilege, the United States Trustee cites several cases to support the position that the privilege is to be strictly confined and, that in the bankruptcy context, the right to assert this privilege has been narrowed and that the existence of an attorney-client relationship and the attorney compensation arrangement have been held to be outside the scope of the attorney-client privilege. *In re Eddy*, 304 B.R. 591, 596 (Bankr. Mass. 2004). The Court of Appeals for the Fourth Circuit has stated that the privilege applies only if the party claiming privilege shows:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). As Mr. Delafield uses a form engagement agreement, at a minimum, the use of the form agreement negates the third element of the test – whether the alleged communication relates to a fact conveyed to the attorney by the client in confidence for the purpose of seeking legal advice. To the extent that he argues that the entire agreement is privileged because it relates to the fact that the Debtor consulted with him to determine if the Debtor could file bankruptcy, the United States Trustee asserts that such

11

argument fails because the Debtor could not have expected any information given to Mr.

Delafield to be disclosed in the bankruptcy case would be kept in confidence when she retained

Mr. Delafield to represent her in a bankruptcy case.  The identity of the client, the attorney, the

amount of the fee and the scope of representation are all matters required to be disclosed on the

petition, statement of financial affairs and Rule 2016 disclosure.

Further, Mr. Delafield stated in an email to the United States Trustee that he may

"wish to disclose at trial documents or portions of documents protected by attorney client

privilege or attorney work product" and that he wished "to reserve the right to submit documents

at trial which have not previously been exchanged or filed as exhibits."  The United States

Trustee asserts that the privileges Mr. Delafield has asserted may not be used both as a sword

and a shield.  Because he will have to produce the agreement to meet his burden of proof on the

motion to review his compensation, he may not shield its production in advance by asserting it is

privileged from disclosure.  As engagement agreements are not typically privileged and Mr.

Delafield cannot meet his burden of demonstrating the attorney-client privilege applies, the

Court should order the production of the engagement agreement.

Finally, the United States Trustee asserts that the work product privilege applies

to facts developed by an attorney in preparation for litigation and to opinions formed by the

attorney about the litigation.  This privilege exists to prevent an adversary in litigation from

preparing his  case by piggy-backing on the work performed by opposing counsel and by

discovering the mental impressions of opposing counsel.  As Mr. Delafield previously indicated

that he uses a form engagement agreement, the United States Trustee fails to see how a form

document substantially prepared without any knowledge of the Debtor or facts of the Debtor's

case could be privileged under the work product doctrine.  Because the privilege does not apply

to this engagement agreement, the United States Trustee asserts that the Court should order its

production.  Additionally, the United States Trustee asks for an award of attorney's fees in

connection with the granting of the Motion to Compel.


CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of the provisions of 28

U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District

Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the

Western District of Virginia.  The Bankruptcy Code expressly requires any attorney representing

a bankruptcy debtor to "file with the court a statement of the compensation paid or agreed to be

paid . . . for services rendered or to be rendered in contemplation of or in connection with the

[bankruptcy] case by such attorney, and the source of such compensation."  11 U.S.C. § 329(a).[2]

It further authorizes the court, in the event that such compensation "exceeds the reasonable value

of such services, . . . [to] cancel any such agreement, or order the return of any such payment, to

the extent [it is] excessive[.]"  11 U.S.C. § 329(b).  Whether or not a motion for review of

attorney's fees is a matter relating to the administration of the estate within the meaning of 28

U.S.C. § 157(b)(2)(A), the Court is satisfied that the explicit authority given to the court to

review and require a refund of excessive compensation clearly makes a motion to do so a "core"

bankruptcy proceeding pursuant to the general provisions ("include, but are not limited to" a

---

[2] This requirement is implemented by Bankruptcy Rule of Procedure 2016(b), which requires that such disclosure is to be included as one of the required statements in a bankruptcy case.

variety of specific bankruptcy proceedings) of § 157(b)(2).

The relevance of the information and documents sought by the United States

Trustee to the contentions made in the Motion for Review is the critical inquiry determining the

right determination of the Motion to Compel.  The United States Trustee contends that Mr.

Delafield in various respects prepared certain deficient and inaccurate schedules and statements

in this case.  As pertinent to the request for the engagement agreement, the Motion for Review

alleges a discrepancy between the Rule 2016 disclosure that counsel received $301.00 in fees

prior to August 1, 2012 while the Statement of Financial Affairs indicated that the Debtor paid

$801.00 on June 25, 2012.  The Court concludes that the engagement agreement between Mr.

Delafield and his client is relevant to the issue of whether "inaccurate schedules and statements"

have been filed in this case.  Accordingly, unless privileged, such agreement is well within the

permissible scope of discovery as a "matter that is relevant to any party's claim or defense."

Bankruptcy Rule 7026(b)(1) (applicable to this contested matter pursuant to Bankruptcy Rule

9014(c)).  If a matter otherwise discoverable is claimed to be privileged, the Rule sets forth how

the party claiming privilege should proceed.  Fed. R. Bankr. P. 7026(b)(5).

In the dispute presently before the Court Debtor's counsel has asserted that the

fee agreement contains information that would potentially disclose confidential information from

the Debtor because it was prepared in response to certain inquiries from the client as to what her

options were in dealing with the particular facts of her situation.  The Court can certainly

envision a situation where a client seeks advice from an attorney about how he or she might best

proceed which could well include either bankruptcy or non-bankruptcy courses of action.  The

Court can also imagine a situation in which a client might disclose to the attorney facts which

14

might raise the specter of a possible objection to discharge or complaint seeking to deny the

dischargeability of some specific debt or might involve very personal and tightly held

information and that the engagement agreement might summarize those facts in describing

potential legal services which might be needed and what the likely cost of those services might

be.  As counsel for the Debtor points out, the Code does not expressly require that the actual

engagement agreements themselves be disclosed.  The existence of such possibilities does not

justify, however, the flat refusal to produce those portions of the engagement agreement which

would not disclose such client confidences.  Judge Adams of the Eastern District of Virginia

Bankruptcy Court has ruled that such agreements must be produced routinely for review by the

case trustee or the Office of the United States Trustee.  *See In re Norman*, 2006 Bankr. LEXIS

2925 at *19-21.  *See also In re All Cases in which Robin L. Musher is Counsel of Record*, 387

B.R. 669, 674 (Bankr. W.D. Pa. 2008) (additional compensation denied in seven cases in which

counsel failed to produce engagement letters).  To decide the present dispute, however, this

Court need not go that far.

   The other request for production of documents and all of the interrogatories to

which Mr. Delafield has objected relate to the United States Trustee's allegations in the Motion

for Review that it is "currently unknown" whether Mr. Delafield complied with §§ 526, 527 and

528 of the Code.  While Debtor's counsel, in the Court's view, has advanced some frivolous

arguments as to why discovery should not be compelled, such as that disclosing the date that he

gave his client a copy of the fee agreement would invade the attorney's work product, and

similar novel contentions,[3] there appears to be more substance to his contention that this line of

discovery represents a "fishing expedition" intended to find something that Mr. Delafield should

have done but failed to do at all or failed to do when it should have been done.  While Debtor's

counsel has represented in argument to the Court that he has provided to his client the mandatory

disclosures required of debt relief agencies, he considers the suggestions by the United States

Trustee that he may have failed to do so insulting and frivolous and does not wish to encourage

such tactics by simply going along with what he considers to be offensive and wrong.

Bankruptcy Rule 9011(b)(3) provides, in part, that an attorney who files any motion makes a

representation to the court that "the allegations and other factual contentions have evidentiary

support or, if specifically so identified, are likely to have evidentiary support after a reasonable

opportunity for further investigation or discovery[.]"  The United States Trustee makes no

factual allegations that Mr. Delafield failed to fulfill his obligations under §§ 526-28 of the

Bankruptcy Code or that the former has any information or belief to the effect that such

obligations were not met, just that it is "currently unknown" whether such is the case.  Unless the

United States Trustee, or for that matter any litigant, is willing to allege that there is some reason

---

[3] This Court rejects Mr. Delafield's assertions that being required to answer specific interrogatories about his compliance with §§ 526-28 of the Bankruptcy Code or to produce copies of documents containing the statutorily mandated disclosures with respect to clients who have filed bankruptcy petitions could in any manner reveal clients' confidential disclosures, which the attorney-client privilege protects, or disclose that attorney's mental impressions, strategy, litigation materials or advice safeguarded by the work product doctrine.  *See generally In re McDowell*, 483 B.R. 471, 493 (Bankr. S.D. Tex. 2012).  Similarly, the Court dismisses as misguided his contention that the Fourth Amendment's protection against unreasonable searches and seizures by the government shields attorneys representing consumer debtors in bankruptcy proceedings from inquiries seeking to determine whether they have complied with those duties imposed by the law upon those who provide professional legal services to an "assisted person" as defined in 11 U.S.C. § 101(3).

to believe that the adverse party has done something wrong, or has failed to do something that he

was obliged to do, simply the existence of the possibility that such might be the case is not

sufficient under the Federal Rules of Civil or Bankruptcy Procedure to put on that other party the

burden of participating in a discovery process to explore that open question.[4]  Furthermore, the

---

[4] While the Court has not found any Fourth Circuit authority directly on point, it believes
that the underlying rationale of that Court's decision in the case of *Migdal v. Rowe Price-
Fleming Intern., Inc.*, 248 F.3d 321 (4th Cir. 2001), is helpful.  That decision dealt with a motion
to dismiss under Federal Rule 12(b)(6).  The Court of Appeals determined that the motion to
dismiss was well taken and opined as follows:

> Rule 12(b)(6), however, is not without meaning. 'The presence [ ] of
> a few conclusory legal terms does not insulate a complaint from
> dismissal under Rule 12(b)(6) when the facts alleged in the
> complaint' cannot support the legal conclusion. *Young v. City of
> Mount Ranier*, 238 F.3d 567, 577 (4th Cir.2001).  And '[a]lthough
> the pleading requirements of Rule 8(a) are very liberal, more detail
> often is required than the bald statement by plaintiff that he has a
> valid claim of some type against defendant.' 5A Charles A. Wright
> & Arthur R. Miller, Federal Practice and Procedure § 1357 at 318 (2d
> ed.1990). This requirement serves to prevent costly discovery on
> claims with no underlying factual or legal basis. 'Conclusory
> allegations in a complaint, if they stand alone, are a danger sign that
> the plaintiff is engaged in a fishing expedition.' *DM Research v.
> College of Am. Pathologists,* 170 F.3d 53, 55 (1st Cir.1999). . . .

> Plaintiffs now seek discovery in order to uncover the elements which
> are currently missing from their Section 36(b) claim. While we
> certainly do not expect plaintiffs to prove a claim in their complaint,
> they must state a claim therein. Rule 12(b)(6) requires more than the
> mere recitation of boilerplate statutory language. While Rule 8 is a
> liberal standard, plaintiffs cannot simply promise the court that once
> they have completed discovery, something will turn up. Rather before
> they are permitted to proceed to discovery, plaintiffs must have some
> factual basis for believing that a legal violation has actually occurred.
> In this case, plaintiffs have alleged nothing to suggest that the
> investment advisers' fees are excessive.

248 F.3d at 326, 328.  In the case before this Court, as already noted, the United States Trustee
does not even go so far as to allege that Mr. Delafield failed to fulfill his §§ 526-28 obligations,

Court fails to see how Mr. Delafield's compliance, or failure to comply, with the mandatory duties of "debt relief agencies" under §§ 526-28 of the Code sheds any light at all on whether he filed such deficient pleadings and statements in this case that his compensation for the legal services he did provide should be reduced or denied altogether.

So, the Court is sympathetic with Mr. Delafield's concerns that he has been made the object of a "fishing expedition" by the United States Trustee with respect to his compliance with the "debt relief agency" duties under the Bankruptcy Code. Before making its decision, however, the Court must consider whether counsel has waived his right to raise this defense as it was not specifically raised in his objections to the interrogatories and request for production no. 2. With regard to interrogatories, Bankruptcy Rule 7033(b)(4) provides, "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." With respect to requests for production of documents, Bankruptcy Rule 7034(b)(2) provides in subsections (B) and (C) as follows:

> **(B) Responding to Each Item.** For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

> **(C) Objections.** An objection to part of a request must specify the part and permit inspection of the rest.

While Mr. Delafield might have filed a motion to dismiss or strike the Motion for Review's allegation that it was "currently unknown" whether he had complied with §§ 526-28 of the Code, he did not do so. He apparently was under no obligation to do so though as Bankruptcy Rule

---

just that the former does not know whether the latter in fact did so.

9014, which is applicable to the Motion for Review, does not make Bankruptcy Rule 7012,

which incorporates Federal Rule of Civil Procedure 12, applicable to motions initiating contested

matters.

      This decision has already dealt with and rejected the objections claiming attorney-

client and attorney work product.  It has not taken up the objections to the interrogatories as

being beyond the scope of the pleadings and unlikely to lead to the discovery of admissible

evidence.  The contention that these interrogatories exceed the scope of the pleadings in the

Motion for Review is rather vague in light of the fact that such Motion did expressly raise the

issue of Mr. Delafield's compliance with the "debt relief agency" duties imposed by the Code,

but the United States Trustee did not ask for any clarification of what that objection meant and

made no complaint at the hearing that Mr. Delafield's "fishing expedition" argument was outside

the scope of his objections.  The essential gist of the United States Trustee's Motion is that Mr.

Delafield's services in this case were so poorly performed that they were not worth what he

charged to provide them.  Construed liberally, the Court believes that Mr. Delafield's objection

that this line of discovery is beyond the scope of the relief sought in the Motion is broad enough

to cover the "fishing expedition" argument more specifically raised later.


DECISION

      The Court concludes that the United States Trustee's Motion to Compel the

production of the engagement agreement between the Debtor and the Respondent attorney

should be granted, subject to the countervailing right in favor of the Debtor to redact any specific

portion thereof which relates to services not actually rendered by counsel in this case or in

contemplation of this case for which no portion of the challenged compensation was received, or

any portion which would have the effect of disclosing factual information provided by the client

to the attorney in confidence and with a reasonable and legitimate expectation that such

confidence would be maintained.[5]  In assessing whether a bankruptcy debtor has a "reasonable

and legitimate expectation" of confidentiality, it is important to note that the client cannot have a

justified expectation that financial information required to be revealed in the bankruptcy petition,

schedules, statements, and testimony at the section 341 meeting will remain private.  To obtain

the considerable protections and benefits which are available to a debtor in a bankruptcy case,

most dramatically being relieved forever of legal liability for dischargeable debt for which he (or

she) is responsible under non-bankruptcy law, the Bankruptcy Code requires that he (or she)

make a full disclosure of his (or her) financial circumstances and property transfers.  *See In re

Tarkington*, 2010 Bankr. LEXIS 1208 at * 7 (Bankr. E.D.N.C. April 2, 2010); *In re McDowell*,

483 B.R. at 485-86.  For any portion of the engagement agreement which is redacted, Mr.

Delafield shall provide a general description of the nature of the contents redacted and the basis

under this Decision for such redaction, which shall be certified by the Respondent in his capacity

as an officer of the court.

　　　　Because the United States Trustee has failed to make any allegation on

"information and belief" or equivalent or stronger wording that the Respondent failed to fulfill

---

[5] Recently Judge Connelly of this Court, in another case in which Mr. Delafield is
counsel for the debtor, vacated a prior order permitting a fee agreement to be filed under seal,
and in doing so stated, "As a fee agreement is a communication from the attorney to the client,
the attorney-client privilege will attach to the agreement if it reveals confidential client
communications."  *In re Townsend*, No. 11-71310, order at p. 2 (Bankr. W.D. Va. Jan. 15, 2013).

any of the duties incumbent upon him as a "debt relief agency" under §§ 526-28 of the Code, the

Court concludes that it should deny the balance of the former's Motion to Compel.  In reaching

this conclusion the Court recognizes that the United States Trustee takes the position that the

issue of whether or not Mr. Delafield has fulfilled his obligations as a consumer bankruptcy

attorney under §§ 526-28 of the Bankruptcy Code is simply part of a larger issue of whether he

rendered competent legal services to his client in this case for which his compensation ought to

be either reduced or denied altogether.  The Court, however, sees the matter differently.  To be

sure, there are potentially severe consequences resulting from a consumer debtor bankruptcy

attorney's failure to comply with the duties of a "debt relief agency" under the Code, including

damages, legal cost of proceedings, injunctive relief and "an appropriate civil penalty."  11

U.S.C. § 526(c).  Those duties are quite specific and would be exceedingly easy for an attorney

to mishandle in any particular case.  It would not surprise the Court at all for an attorney to run

afoul of those statutory obligations but still provide generally superb and valuable legal services

to the client, or vice-versa.  **If** an attorney provides incompetent legal services to his client and/or

files recklessly sloppy or inaccurate documents with the court, particularly if there is a pattern of

such conduct, that is a matter plenty serious enough to confront without also using a pleading

challenging such representation as a vehicle to explore, in the face of no indicated basis to do so,

that attorney's compliance with the debt relief agency obligations.

    In the broad scheme of things, this particular dispute seems of insufficient

moment to justify all of the attention which has been given to it by the attorneys and the Court as

well.  Small disputes, however, may present challenging and important issues.  Some, perhaps

most, might see Mr. Delafield as a sort of legal Don Quixote tilting at windmills.  Others,

21

however, might perceive a glimmer of the spirit of a weary woman who refuses to give up her

seat and move to her lawful place at the rear of a bus, instead stepping forever into the pages of

history.  Actually these two possible perceptions are not mutually exclusive and in some

uncertain mixture may be present in this present controversy.  The United States Trustee seeks

an award of attorneys' fees against Mr. Delafield.  The former is employed by and is a

representative of the United States government and one of her duties is to monitor the operation

of "debt relief agencies" providing bankruptcy services to "assisted persons."  Her status is

different from that of a private litigant who encounters obstructive conduct from opposing

counsel in the process of litigation discovery and suffers out-of-pocket expenses as a result.  The

Court has granted the Motion, but only in part.  Mr. Delafield did not comply fully with the

discovery procedures set forth in Bankruptcy Rules 7026-37 but has raised some important

issues.  The Court concludes that substantial justice is served by denying the request for an

award of attorney's fees and leaving the parties where they are now.

As a final matter, the Court wishes to note that its decision is limited to the

particular facts presented here.  For example, the Court is not ruling that the United States

Trustee would exceed her authority if she instructs her appointed trustees to require production

generally by attorneys representing "assisted persons" of copies of the documentation possessed

by such attorneys establishing their compliance with their "debt relief agency" obligations or to

establish a random audit program to ascertain such compliance.  Such issues are not presented in

the present dispute and therefore are not decided.

An order in accordance with this ruling will be entered contemporaneously with

the docketing of this Memorandum Decision.

This the 7th day of March, 2013.

_William F. Stone, Jr._

UNITED STATES BANKRUPTCY JUDGE